Baldwin *v.* State of Ohio.

---

Ellis S. Baldwin *v.* The State of Ohio.

A bill of exceptions, not made part of the record, can not be considered upon a writ of error.

In a prosecution for keeping a disorderly tavern, it is not necessary for the prosecution to produce at the trial, the license. Equivalent proof may be given in evidence.

This was a writ of error to a judgment rendered in the county

7

of Preble, and adjourned here for decision from the Supreme Court of that county.

The plaintiff in error was indicted, as a licensed tavern-keeper, for keeping a disorderly house. The transcript of the record, returned with the writ of error, shows a trial and conviction, and a motion for a new trial with the causes, and the decision of the court overruling the motion, with its final judgment. No notice is found of the tendering or sealing a bill of exceptions. A detached paper is certified by the clerk as a copy of a bill of exceptions filed in the cause. There was no assignment of errors.

The paper produced as a bill of exceptions states that, on the trial, the prosecuting attorney, to prove that the defendant was a licensed tavern-keeper, produced the entry, in the journals of the court, granting him a license, and offered no other evidence to show that fact. The defendant moved the court to overrule the evidence, which the court refused to do.

J. WOODS, for plaintiff in error.

McMANUS, prosecuting attorney, for the state.

16]　*Judge WOOD delivered the opinion of the court:

In civil cases, the bill of exceptions is made part of the record only on the application of the party. 29 Ohio Stat. 75. In criminal cases, it is made the imperative duty of the clerk to make the bill of exceptions a part of the record. 29 Ohio Stat. 160. If the clerk omit to perform this duty, the party is not without remedy, in the court where the omission takes place. But this court, upon a writ of error, can only notice matter inserted in the record. It can not look at that which ought to have been, but which is not so inserted. The paper, therefore, presented as a bill of exceptions, can not be made the foundation of a judgment here. Aside from this paper, there is no evidence before this court what the proof was, on the trial in the common pleas, nor what the charge was to the jury. Consequently, we can not pronounce that the common pleas have erred.

But if this bill of exceptions were before us, as part of the record in the case, what should be our judgment upon it?

The statute, in defining the offense for which the party was indicted, uses the words "*licensed tavern-keeper.*" The indictment

avers that the defendant was a "*licensed tavern-keeper.*" It became necessary to prove this averment. How should it be done? The license, if one issued, was in the hands of the defendant. The prosecution might have given him notice to produce it; and if he refused, might have given parol evidence of its contents. To prove that a license issued, circumstances might be resorted to: that the party kept a tavern, and that there was an entry of a license granted, entered on the journal of the common pleas. It would be, so far, legal testimony; and it could be no objection to the admission of this evidence, that the prosecution did not go farther, and prove notice to the defendant to produce the license, and then give evidence of its contents. The bill of exceptions, if looked to, only objects that the entry of license granted should be overruled, because no other evidence was offered that the defendant was a legally licensed tavern-keeper. The evidence conduced to prove the issue, and was admissible for that reason; not because it proved the issue entire. There could be no conviction without other evidence, such as that the defendant actually kept a tavern and a disorderly house, as charged in the indictment. One isolated fact, and nothing more, is presented. Against the proof of that, the objection would not be sustained. Upon either ground, the judgment of the common pleas must be affirmed.